IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOCK MCNEELY,

        Plaintiff,                No. CIV S-08-2710 GGH P

    vs.

MIKE JONES, et. al.,

        Defendants.      <u>ORDER</u>

_____/

        Plaintiff is a county inmate proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

1    plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2          The court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

5    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

6    granted, or that seek monetary relief from a defendant who is immune from such relief.  28

7    U.S.C. § 1915A(b)(1),(2).

8          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

10   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989); Franklin, 745 F.2d at 1227.

15         A complaint must contain more than a "formulaic recitation of the elements of a

16   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

17   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

18   "The pleading must contain something more...than...a statement of facts that merely creates a

19   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

20   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

21   standard, the court must accept as true the allegations of the complaint in question, Hospital

22   Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

23   most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

24   McKeithen, 395 U.S. 411, 421 (1969).

25         The complaint states a colorable claim for relief against defendants County of

26   Sacramento; Sacramento County Sheriff John McGinness; Sacramento County Sheriff's

2

1  Deputies: Sergeant Mike Jones, Lieutenant (Lt.) Douglas, Lt. Brezoe; Sacramento County

2  Deputy District Attorney Nancy Ramirez; County of Placer; Placer County Deputy District

3  Attorney David Brody; California Deputy Attorney General Craig Meyers; Carlos Sanchez,

4  Manager of the California Attorney General Records Review Unit, pursuant to 42 U.S.C. § 1983

5  and 28 U.S.C. § 1915A(b).

6          However, as to the California Justice Department Record Review Unit, the

7  Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a

8  state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan,

9  440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa,

10  682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California has not

11  consented to suit.  Accordingly, plaintiff's claims against the California Justice Department are

12  frivolous and must be dismissed.

13          As to defendant Sacramento County Superior Court Judge Laurie M. Earl, the

14  Supreme Court has held that judges acting within the course and scope of their judicial duties are

15  absolutely immune from liability for damages under § 1983.  Pierson v. Ray, 386 U.S. 547

16  (1967).  A judge is "subject to liability only when he has acted in the 'clear absence of all

17  jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher, 13

18  Wall. 335, 351 (1872).  A judge's jurisdiction is quite broad.  The two-part test of Stump v.

19  Sparkman determines its scope:

20          The relevant cases demonstrates that the factors determining
            whether an act by a judge is a 'judicial' one relate to the nature of
21          the act itself, i.e., whether it is a function normally performed by a
            judge and to the expectation of the parties, i.e., whether they dealt
22          with the judge in his judicial capacity.

23  Id. at 361.

24          To the extent that plaintiff's intends to implicate Judge Earl, plaintiff appears to

25  seek to fault this putative defendant for judicial actions which plaintiff deems wrongful, and

26  conduct in a judicial capacity would render this individual absolutely immune from suit.   Both

3

1    defendants California Justice Department Record Review Unit and Judge Earl will be dismissed

2    with prejudice.

3             As to Attorney Clark Head, apparently plaintiff's court-appointed counsel, the

4    gravamen of his claim against this defendant is that counsel failed to represent him appropriately

5    and/or failed to follow plaintiff's recommended legal strategy.  Complaint, p. 17.  The Civil

6    Rights Act under which this action was filed provides as follows:

7                 Every person who, under color of [state law] . . . subjects, or causes
                  to be subjected, any citizen of the United States . . . to the
8                 deprivation of any rights, privileges, or immunities secured by the
                  Constitution . . . shall be liable to the party injured in an action at
9                 law, suit in equity, or other proper proceeding for redress.

10   42 U.S.C. § 1983.

11            The Supreme Court has determined that a public defender does not act on behalf

12   of the state when performing his role as counsel for a criminal defendant.  Polk County v.

13   Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453 ("public defender does not act under color of

14   state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal

15   proceeding"); see also, Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc)

16   (public defender is not a state actor subject to suit under § 1983 because his function is to

17   represent client's interests, not those of state or county).  Defendant Head will be dismissed but

18   plaintiff will be granted leave to amend.

19            If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

20   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

21   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

22   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

23   there is some affirmative link or connection between a defendant's actions and the claimed

24   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

25   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

26   allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

4

1    of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

3    order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

4    amended complaint be complete in itself without reference to any prior pleading.  This is

5    because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

6    Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

7    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

8    original complaint, each claim and the involvement of each defendant must be sufficiently

9    alleged.

10    Accordingly, IT IS HEREBY ORDERED that:

11    1.  Plaintiff's request to proceed in forma pauperis is granted;

12    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

13    The fee shall be collected and paid in accordance with this court's order to the Director of the

14    California Department of Corrections and Rehabilitation filed concurrently herewith.

15    3.  Plaintiff's claims against defendants California Justice Department Record

16    Review Unit, Judge Earl and Clark Head are dismissed for the reasons discussed above.  As to

17    defendants California Justice Department and its Record Review Unit, as well as Sacramento

18    County Superior Court Judge Laurie M. Earl, these putative defendants are dismissed with

19    prejudice.  As to defendant Head, plaintiff is granted leave to file an amended complaint within

20    thirty days from the date of service of this Order.  Failure to file an amended complaint will

21    result in defendant Head being dismissed from this action.

22    \\\\\

23    \\\\\

24    \\\\\

25    \\\\\

26    \\\\\

1         4.  Upon filing an amended complaint or expiration of the time allowed therefor,

2 the court will make further orders for service of process upon some or all of the defendants.

3 DATED: January 14, 2009

                                          /s/ Gregory G. Hollows

                               _____

                               UNITED STATES MAGISTRATE JUDGE

GGH:009
mcne2710.b1nf