IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOCK MCNEELY,

    Plaintiff,                             No. CIV S-08-2710 GGH P

    vs.

MIKE JONES, et. al.,

    Defendants.                      ORDER

_____/

           Plaintiff, a county jail inmate, seeks relief pursuant to 42 U.S.C. § 1983. By separate order, this court has directed defendants to answer plaintiff's complaint, filed on November 12, 2008. Plaintiff also filed on that date a motion for a preliminary injunction, asking that defendants, but individually naming only defendant Sacramento County Sheriff's Deputy Sgt. Mike Jones, be enjoined from prosecuting any action relitigating what plaintiff terms a constitutionally invalidated 1995 Placer County conviction. Plaintiff cites two cases in support of his motion, McNeely v. Blanas, 336 F.3d 822 (9th Cir. 2003) and McNeely v. Bonner, CIV-S-04-1215 DFL PAN.

Preliminary Injunction Standard

           The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are: 1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff

if the preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." <u>Dollar Rent A Car v. Travelers Indem. Co.</u>, 774 F.2d 1371, 1374 (9th Cir. 1985).  The criteria are traditionally treated as alternative tests.  "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates '<u>either</u> a combination of probable success on the merits and the possibility of irreparable injury <u>or</u> that serious questions are raised and the balance of hardships tips sharply in his favor.'" <u>Martin v. International Olympic Comm.</u>, 740 F.2d 670, 675 (9th Cir. 1984) (quoting <u>William Inglis & Sons Baking Co. v. ITT Continental Baking Co.</u>, 526 F.2d 86, 88 (9th Cir. 1975)).  The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> <u>Martin</u> explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

<u>Johnson v. California State Bd. of Accountancy</u>, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting <u>Martin</u>, 740 F.2d at 675).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

Plaintiff's present motion is inadequately supported.  Although this court has found that plaintiff has set forth colorable claims in the complaint that accompanied this motion, plaintiff has not provided in support of his motion, sufficient evidence to demonstrate that his 1995 prior conviction has indeed been held to be invalid.  Moreover, plaintiff appears to be seeking to have this court intervene in an ongoing state court criminal proceeding, which, on its face, implicates the <u>Younger</u> abstention doctrine.  <u>Younger v. Harris</u>, 401 U.S. 37, 46, 91 S. Ct. 746  (1971)(recognizing "the fundamental policy against federal interference with state criminal

1 prosecutions...."). Finally, plaintiff has not clarified how an injunction against the conduct of
2 defendant Jones with regard to relitigating the allegedly invalid 1995 conviction would
3 appropriately address plaintiff's immediate concerns.
4       Plaintiff's motion will be vacated without prejudice to its being re-filed with
5 sufficient supporting documentation, including affidavits and a certification that his 1995
6 conviction has been rendered invalid.
7       Accordingly, IT IS ORDERED that plaintiff's motion for a preliminary
8 injunction, filed on November 12, 2008 (docket # 3), is vacated without prejudice.
9 DATED: January 14, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
mcne2710.vac