IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOCK MCNEELY,

        Plaintiff,                      No. CIV S-08-2710 GGH P

    vs.

MIKE JONES, et al.,

        Defendants.           ORDER

_____/

        Plaintiff filed a motion for preliminary injunction seeking to have the court enjoin defendants from "recommitting, imprisoning, restraining of his liberty, or re-prosecuting plaintiff for misinformation of a constitutional magnitude, that is, reliance on a[n] invalid prior conviction...." Motion for preliminary injunction, filed on February 17, 2009 (Docket No. 11). The court has, by separate order, found plaintiff's amended complaint appropriate for service as to a number of defendants therein named. In addition, by the filing of plaintiff's recent change of address from Sacramento County Jail to Napa State Hospital, plaintiff's injunctive relief claims as to certain of the defendants may have been thereby rendered moot. When an inmate seeks injunctive relief concerning an institution at which he is no longer incarcerated, his claims for such relief become moot. See Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). See also Reimers v. Oregon, 863 F.2d 630, 632

(9th Cir. 1988). The motion will be vacated without prejudice to plaintiff's filing or re-noticing a sufficiently supported motion for preliminary injunctive relief once defendants have been served with the amended complaint.

Plaintiff has moved for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's motion for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's February 17, 2009, motion for preliminary injunctive relief (Docket No. 11), is vacated without prejudice to being re-noticed once defendants have been served with the amended complaint;

2. Plaintiff's February 17, 2009, motion for the appointment of counsel (Docket No. 10) is denied.

DATED: April 28, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/kly
mcne2710.vac+

2