IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOCK MCNEELY,

        Plaintiff,                    No. CIV S-08-2710 GGH P

    vs.

MIKE JONES, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By separate order, this court has found a number the defendants plaintiff has named in the first amended complaint appropriate for service. However, as to three of the named defendants, the court must recommend dismissal.

        As plaintiff was previously informed, by Order, filed on January 14, 2009, the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Therefore, the California Justice Department Record Review Unit, which plaintiff has named as a defendant herein, must be dismissed as the State of California has not consented to suit. Plaintiff's allegations that an employee of that department,

1

who is a named defendant against whom plaintiff is being permitted to proceed, told plaintiff that plaintiff could sue him and his agency if plaintiff was not satisfied with his decision regarding record entries,[1] is not sufficient to demonstrate consent by the state to be sued, and this defendant state entity should be dismissed with prejudice.

As to defendant Sacramento County Superior Court Judge Laurie M. Earl, as plaintiff has also been previously informed, the Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547, 87 S. Ct. 1213 (1967). A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-7, 98 S. Ct. 1099, 1105 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872). A judge's jurisdiction is quite broad. The two-part test of Stump v. Sparkman determines its scope:

> The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

Nor is plaintiff's effort to proceed against the judge only in the judge's official capacity, i.e., for prospective injunctive relief, availing. Plaintiff seeks to implicate Judge Earl for refusing to enter plaintiff's plea based on plaintiff's conception of double jeopardy, instead entering a plea of not guilty on plaintiff's behalf at a court proceeding. Am. Cmp., p. 18. Thus, plaintiff seeks to fault this putative defendant for judicial actions which plaintiff deems wrongful and such conduct in a judicial capacity renders this individual absolutely immune from suit. That is, plaintiff is suing a judicial officer under § 1983 "for an act or omission *taken in such officer's judicial capacity*, for which "injunctive relief shall not be granted." Wolfeman v. Strankman,

---

[1] Amended Complaint (Am. Cmp.), p. 15.

2

392 F.3d 358, 366 (9th Cir.2004) [emphasis in original].[2] Judge Earl should also be dismissed with prejudice.

Finally, as to Attorney Clark Head, apparently plaintiff's court-appointed counsel, plaintiff's claim against him is a conclusory claim that defendant Head conspired with state officials to deprive plaintiff of his constitutional rights. Am. Cmp., p. 19. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The Supreme Court has determined that a public defender does not act on behalf of the state when performing his role as counsel for a criminal defendant. Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453 ("public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); see also, Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (public defender is not a state actor subject to suit under § 1983 because his function is to represent client's interests, not those of state or county).

Moreover, to allege a conspiracy, plaintiff must make some showing of an agreement or a meeting of the minds on the part of defendants to violate his constitutional rights. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989), citing Fonda v. Gray, 707

---

[2] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted* unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." 42 U.S.C. § 1983 [emphasis added].

F.2d 435 (9th Cir. 1983).  Conspiracy allegations must be supported by material facts and not be merely conclusory statements.  <u>Lockary v. Kayfetz</u>, 587 F. Supp. 631 (N. D. Cal. 1984). Plaintiff sets forth in his amended complaint no factual predicate for a conspiracy claim as to this defendant.  Plaintiff has previously been granted leave to amend his claims as to this defendant, and he has failed to do so.  Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile."  <u>Thornton v. McClatchy Newspapers, Inc.</u>, 261 F.3d 789, 799 (9th Cir. 2001), quoting <u>Bowles v. Reade</u>, 198 F.3d 752, 757 (9th Cir.1999).   "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."  <u>Metzler Inv. GMBH v. Corinthian Colleges, Inc.</u>  540 F.3d 1049, 1072 (9th Cir. 2008), quoting <u>In re Read-Rite Corp.</u>, 335 F.3d 843, 845 (9th Cir. 2003).   Defendant Head should be dismissed.

   Accordingly, IT IS HEREBY RECOMMENDED that defendants California Justice Department Record Review Unit, Sacramento County Superior Court Judge Laurie M. Earl and Attorney Clark Head be dismissed, and that defendants CA DOJ Record Review Unit and Judge Earl be dismissed expressly with prejudice.   The Clerk's Office is directed to assign a district judge to this case.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

\\\\\
\\\\\
\\\\\
\\\\\

4

within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2009

    /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009 - mcne2710.fr